**Entered on Docket
December 20, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the court.
Signed December 18, 2013

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re )
) Case No. 13-46011
Michael O'Marra, )
Rachel O'Marra, ) Chapter 13
)
        Debtors. )
_____)
)
Michael O'Marra, )
Rachel O'Marra, )
)
        Movants, )
)
v. )
)
JP Morgan Chase Bank, NA, )
)
        Respondent. )
_____)

**MEMORANDUM REGARDING CREDITOR'S OPPOSITION
TO DEBTOR'S MOTION TO AVOID LIEN**

On November 4, 2013, debtors in the above-captioned case served a Motion to Avoid Lien, Notice and Opportunity for Hearing, and supporting documents, on lien creditor JP Morgan Chase Bank, NA. Pursuant to B.L.R. 9014-1, as referenced by the Notice, creditor was allowed twenty-one (21) days to respond before relief could be granted by default. The Notice period ran on November 25, 2013. The following day, again pursuant to the Local Rule, debtors through counsel uploaded a declaration regarding no response and a request for relief upon

default.  Thereafter, the Court noted in a defective order notice to debtors' counsel that the creditor must receive a copy of the proposed order during the Motion process, service of which is typically accomplished together with the request and declaration.  On December 3, 2013, debtors docketed a certificate of service demonstrating that service of the proposed order was effected on the creditor and resubmitted the order for the Court's review.  Creditor filed an Opposition to the Motion on December 5, 2013 in which it requests an opportunity to obtain its own appraisal on the value of the property which underlies the obligation.

     The Court notes that in light of the sequence of events described above, the Opposition is untimely.  The Opposition offers no explanation or excuse for its untimely filing, or any prayer that such filing be considered by the Court in the process of arriving at a merits-based determination on the Motion.

     The Court does not have any motion to set aside a default before it, but understands that creditor could file such a pleading after undertaking its investigation as to the merits of the debtors' Motion and its opposition thereto.   Based on the foregoing, the Court will not enter an order granting the debtors' Motion at this time. Creditor will be given the opportunity to obtain an appraisal, at its own expense, which it will share with debtors' counsel on or before **January 15, 2014**.  If an appraisal is not obtained by this date, debtor may docket a declaration to this effect and resubmit its order.  While the Court hereby affords the creditor an opportunity to appraise the property, nothing in this memorandum shall be construed as relieving the creditor from an apparent default after Notice and Opportunity for Hearing.  Any findings on the merits of the opposition will be included in a request for relief from default, along with the reason for such default, in a pleading filed with the Court by **January 22, 2014**.  At this time, the matter will be taken under submission.

**END OF MEMORANDUM**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Michael O'Marra |
| | Rachel O'Marra |
| 3 | 6123 Doncaster Place |
| | Oakland, CA 94611 |
| 4 | |
| | Eric M. Boeing |
| 5 | Boeing Law Offices |
| | 1300 Clay St. #600 |
| 6 | Oakland, CA 94612 |
| 7 | Jonathan J. Damen, Esq. |
| | RCO Legal, P.S. |
| 8 | 1241 E. Dyer Road, Suite 250 |
| | Santa Ana, CA 92705 |